**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**



DIRECTV, INC. )
                        )
     Plaintiff, )
                        )
     V. )
                        )
DANIEL CURTH, and GASLIGHT )
CORNER, INC. d/b/a THE UNION, )
                        )
     Defendants )

**00C 4968**

CIVIL ACTION NO._____

JUDGE KENNELLY

MAGISTRATE JUDGE SCHENKIER

## PLAINTIFF'S ORIGINAL COMPLAINT

1.     Plaintiff, DIRECTV, INC., by their attorney, complaining of the Defendants herein respectfully sets forth and alleges, upon information and belief, as follows:

### I. JURISDICTION

2.     This lawsuit is brought pursuant to the Cable Communications Policy Act of 1984, 47 U.S.C. §§ 521, et seq. (the "Act") as an action for declaratory and injunctive relief and damages for the improper receipt, transmission, and exhibition of satellite programming signals in violation of the Act. This Court has jurisdiction of the subject matter to this action under 28 U.S.C. §1331, pursuant to which the United States District Courts have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States. Moreover, this Court has supplemental jurisdiction over DIRECTV, INC.'s state law claims pursuant to 28 U.S.C. § 1367.

3.     This Court has personal jurisdiction over the parties in this action. Each defendant to this action has agents who have or have themselves independently transacted

business in the State of Illinois, and certain activities of the defendants giving rise to this action took place in the State of Illinois; more particularly, defendants' acts of violating federal laws and DIRECTV, INC.'s proprietary rights as distributor of the satellite programming transmission signals took place within the Northern District of Illinois. Moreover, upon information and belief, each of the defendants resides within the State of Illinois; thus, this Court has personal jurisdiction over the defendants.

## II. VENUE

4.      Venue is proper in this judicial district under 28 U.S.C. §§ 1391 (b) and (c) as at least one, if not all, of the Defendants reside in Cook County, Illinois, which is within the Northern District of Illinois, (28 U.S.C. §112(b)), and (2) all Defendants reside within the State of Illinois.

## III. PARTIES

5.      Plaintiff, DIRECTV, INC. ("DIRECTV") is at all times relevant hereto a corporation incorporated under the laws of the State of California. DIRECTV is a major distributor of satellite programming doing business throughout the United States. Through its operations, DIRECTV provides interstate direct broadcast satellite signals to satellite dish owners who pay for the signal via a subscription fee and obtain a programming license from DIRECTV in return for a subscription. The obvious result of a user subscription is that users can then watch programs on their televisions and/or listen to certain high quality audio programs communicated electronically by DIRECTV via satellite (the "Satellite Programming"). DIRECTV holds proprietary rights to the Satellite Programming it transmits

and DIRECTV is the owner of and/or a lawfully designated distribution agent for such Satellite Programming.

6.     On information and belief, Defendant, DANIEL CURTH, is an individual who was and still is an officer, director, shareholder and/or principal of GASLIGHT CORNER, INC., d/b/a THE UNION and may be served with process as follows: Daniel Curth, 433 W. Webster, Chicago, IL., 60614.

7.     On information and belief, Defendant, GASLIGHT CORNER, INC. d/b/a THE UNION is located at 2858 N. Halsted Rd., Chicago, Illinois, 60657, and may be served with process to its registered agent, Daniel Curth, 111 E. Wacker Dr. 2700, Chicago, IL., 60601. DANIEL CURTH and GASLIGHT CORNER, INC. are hereinafter collectively referred to as "THE UNION". By way of allegation, THE UNION is a commercial establishment primarily known as a sports bar and lounge which attracts customers by displaying sporting events on television.

8.     Defendants, THE UNION, are sometimes hereinafter referred to as "DEFENDANTS."

## IV. FACTS

9.     DIRECTV incorporates and realleges by reference allegations within paragraphs 1 through 13 of this complaint as if fully set forth herein.

10.    By way of further allegation, DIRECTV alleges that to prevent unauthorized entities and persons from viewing the Satellite Programming, DIRECTV encrypts the satellite transmissions. Upon payment of this appropriate subscription or license fees, DIRECTV

authorizes and enables the licensee to unscramble and receive the Satellite Programming.

11.     DEFENDANTS, without entitlement, without prior permission or authorization from DIRECTV, and without having paid DIRECTV for the right to receive, broadcast, use or display DIRECTV's Satellite Programming in their respective commercial establishments have received, assisted in receiving, transmitted, assisted in transmitting, divulged, published and displayed the content and substance of DIRECTV's Satellite Programming at such DEFENDANTS' places of business. Without authorization, DEFENDANTS displayed and/or published such Satellite Programming to their customers and others. DEFENDANTS' conduct violates several federal statutes, (including 18 U.S.C. §§2511 and 2512 and 47 U.S.C. §605) and laws of the State of Illinois. Moreover, DEFENDANTS' acts were unauthorized, willful, and for purposes of direct or indirect commercial advantage or private financial gain.

12.     DIRECTV has repeatedly notified DEFENDANTS that their use of DIRECTV's Satellite Programming is unauthorized, unlawful, and in violation of federal law. Further, DIRECTV requested and demanded that DEFENDANTS immediately cease their wrongful activities. Upon information and belief, however, DEFENDANTS have refused to pay to obtain authority to show and/or continue to wrongfully receive and use DIRECTV's Satellite Programming.

13.     On information and belief, DIRECTV alleges that DEFENDANTS received the Satellite Programming by means including but not limited to: (a) maintaining satellite antenna dishes capable of receiving satellite programming on television monitors and further maintaining electronic devices which enable them to unscramble, receive, and exhibit

encrypted Satellite Programming transmissions without authorization; (b) ordering Satellite Programming for residential use and subsequently displaying the programming in the commercial establishment without authorization; and/or (c) by such other means to effectuate the unauthorized reception of the Satellite Programming which are unknown to DIRECTV and known only to DEFENDANTS.

14.     DIRECTV has been damaged by DEFENDANTS in that (a) DIRECTV has been denied subscription fees for Satellite Programming; (b) DIRECTV's sales have been reduced through DEFENDANTS' unfair competition with DIRECTV's authorized customers; and (c) DIRECTV's proprietary rights in the Satellite Programming have been impaired.  In addition, DEFENDANTS have profited and gained commercial advantage from the unauthorized and willful use of DIRECTV's Satellite Programming.

15.     DIRECTV has been required to retain attorneys to prevent DEFENDANTS' wrongful acts and to prosecute this action.  Due to DEFENDANTS' statutory violations, DIRECTV is entitled to recover the reasonable attorneys' fees and expenses incurred in prosecution of this action under federal law.

## V. CAUSES OF ACTION

### Count 1 - Damages for Violations of Cable Communications Policy Act
(47 U.S.C. §605(e)(3)(C))

16.     DIRECTV incorporates by reference paragraphs 1 through 20 of this complaint as if fully set forth herein.

17.     DIRECTV alleges on information and belief, that DEFENDANTS effected unauthorized interception and receipt of Satellite Programming through use of illegal satellite

decoding devices, or by manipulation of the satellite system authorized to carry the Satellite Programming where DEFENDANTS are located, or by ordering programming for residential use and subsequently displaying the programming in a commercial establishment without authorization, or by such other means which are unknown to DIRECTV and known only to DEFENDANTS.

18.     Each of DEFENDANTS' acts violates federal law.  DEFENDANTS, illegally and without authorization, intercepted, received and exhibited, or otherwise assisted in the unauthorized interception, reception or exhibition of Satellite Programming transmitted by DIRECTV.   Moreover, DEFENDANTS divulged or published the existence contents, substance, purport, effect or meaning of such satellite communications.   Further, DEFENDANTS used such communications for their own benefit or for the benefit of others who were not entitled to such communications.  Each of these acts is a practice prohibited by 47 U.S.C §605(a).

19.     DIRECTV is a person aggrieved by the DEFENDANTS' violations of 47 U.S.C. § 605 and is authorized to institute this action against the DEFENDANTS pursuant to 47 U.S.C. § 605 (e)(3)(A).

20.     DEFENDANTS' violations of 47 U.S.C. § 605 have injured and will continue to injure DIRECTV's ability to maximize the revenues which it seeks to derive from the Satellite Programming, as DIRECTV has been deprived of the benefit of subscribers to the Satellite Programming.  As a further result of such violations, DIRECTV's goodwill and reputation have been injured while DEFENDANTS have gained and will continue to gain

unjust profits and undeserved goodwill. DIRECTV is entitled to costs, reasonable attorney's fees actual damages suffered, and profits obtained by DEFENDANTS attributable their illegal conduct.

21.     Alternatively, DIRECTV is entitled to statutory damages in an amount not less than $1,000 nor more than $10,000 for each violation of 47 U.S.C. §605(a).

22.     DIRECTV will further show that DEFENDANTS' conduct in violation of 47 U.S.C. §605(a) was committed willfully and for purposes of direct or indirect commercial advantage or private financial gain.

23.     Due to DEFENDANTS' willful conduct, DIRECTV is entitled to statutory damages in an amount not less than $10,000 and up to $100,000 for each willful violation of 47 U.S.C. §605(a).

### Count 2 – Damages for Violations of 18 U.S.C. §2511

24.     DIRECTV realleges the allegations contained in paragraphs 1 through 32 of this Complaint and incorporates such allegations as if fully set forth herein.

25.     For further cause of action, DIRECTV alleges that DEFENDANTS intentionally intercepted, endeavored to intercept, or procured other persons to intercept electronic communications from DIRECTV. DEFENDANTS further disclosed or endeavored to disclose to others the contents of electronic communications, knowing or having a reason to know that the information was obtained through the interception of electronic communications in violation of 18 U.S.C. §2511. DEFENDANTS further intentionally used or endeavored to use the contents of electronic communications, knowing or having reason to know that the

information was obtained through the interception of electronic communications in violation of 18 U.S.C §2511.

26.     DIRECTV is a person whose electronic communications are being intercepted, disclosed and/or intentionally used in violation of 18 U.S.C §2511.

27.     Due to DEFENDANTS' wrongful conduct, DIRECTV is entitled, under 18 U.S.C. §2520, to the greater of the sum of (1) actual damages suffered by DIRECTV and the profits made by the DEFENDANTS as a result of their conduct, or (2) statutory damages in an amount the greater of $10,000 or $100 per day for each day DEFENDANTS acted in violation of 18 U.S.C. §2511.

## Count 3 - Damages for Violation of 18 U.S.C. §2512

28.     DIRECTV realleges and incorporates by reference the allegations contained in paragraphs 1 through 36 of this Complaint as if fully set forth herein.

29.     By way of its fourth cause of action, DIRECTV alleges that DEFENDANTS manufactured, assembled, possessed, or sold an electronic, mechanical or other device, knowing or having a reasonable to know that the design of such device renders it primarily useful for the purpose of the surreptitious interception of wire or electrical communications, and that such device or any component thereof has been or will be sent through the mail or transported in interstate or foreign commerce.

30.     DIRECTV is a person whose electronic communications are being intercepted, disclosed and/or intentionally used in violation of 18 U.S.C §2512.

31.     Due to DEFENDANTS' wrongful conduct, DIRECTV is entitled, under 18

U.S.C. §2520, to the greater of the sum of (1) actual damages suffered by DIRECTV and the profits made by the DEFENDANTS as a result of their conduct, or (2) statutory damages in an amount the greater of $10,000 or $100 per day for each day DEFENDANTS acted in violation of 18 U.S.C. §2512.

### Count 4 - Damages for Willful Manufacturing of Device or Equipment
(47 U.S.C. § 605(e)(4))

32.     DIRECTV realleges and incorporates by reference the allegations contained in paragraphs 1 through 40 of this Complaint as if fully set forth herein.

33.     Upon information and belief, DEFENDANTS and/or their agents, servants, workmen or employees, and each of them knowingly, manufactured, assembled, modified, imported, exported, sold or distributed an electronic, mechanical or other devise of equipment, knowing or having reason to know that the devise or equipment is used primarily in the assistance of the unauthorized decryption of Satellite Programming, or direct-to-home satellite services, or is intended for any other prohibited activity.

34.     Such conduct by DEFENDANTS violates 47 U.S.C § 605(e)(4) for which DIRECTV is entitled to statutory damages in a sum not less than $10,000 or more than $100,000, as the Court considers just for each violation. 47 U.S.C. §605(e)(3)(C)(II).

35.     DIRECTV is a person aggrieved by the DEFENDANTS' violations of 47 U.S.C. § 605 and is authorized to institute this action against the DEFENDANTS pursuant to 47 U.S.C. § 605 (e)(3)(A).

### Count 5 - Civil Conversion

36.     DIRECTV hereby incorporates by reference paragraphs 1 through 44 of this

Complaint as if fully set forth herein.

37.    By virtue of the conduct set forth above, DEFENDANTS have unlawfully converted DIRECTV's property for their own commercial use and benefit.

38.    Such conversion was done intentionally and wrongfully by DEFENDANTS to deprive DIRECTV of its proprietary interests and for DEFENDANTS' direct commercial benefit and advantage.

39.    Due to DEFENDANTS' wrongful conversion of DIRECTV Satellite Programming, DIRECTV suffered damages.

## VI.  REQUEST FOR INJUNCTIVE RELIEF

40.    DIRECTV realleges and incorporates the allegations contained in paragraphs 1 though 48 as if fully set forth herein.

41.    DIRECTV further alleges that unless restrained by this Court, the DEFENDANTS will continue to receive, intercept, transmit, and exhibit the Satellite Programming, illegally and without authorization, in violation of 47 U.S.C. § 605. The DEFENDANTS intercepted and publicly exhibited the Satellite Programming without authorization on at least one occasion and DIRECTV cannot practicably detect or determine each occasion on which DEFENDANTS have intercepted and publicly exhibited the Satellite Programming.

42.    The violations of 47 U.S.C. § 605 set forth above have caused and will continue to cause DIRECTV irreparable harm.

43.    DIRECTV cannot practicably determine the loss of subscribers and lost

revenues resulting from the DEFENDANTS' unlawful conduct. In addition to diminishing DIRECTV's revenues, the DEFENDANTS' unlawful conduct injures DIRECTV's reputation and goodwill as well as its ability to attract and finance the future acquisition, production, and distribution of quality programming, thereby impairing DIRECTV's ability to enhance its future growth and profitability.

44.     DIRECTV has no adequate remedy at law to redress the violations set forth above.

## VII. **PRAYER**

WHEREFORE, Plaintiff, DIRECTV, INC., prays that this Court enter judgment in its favor and against DEFENDANTS and:

a.     Declare that DEFENDANTS' unauthorized interception, reception, and public commercial exhibition of DIRECTV's electronic communications, or its assistance in the performance of such unauthorized actions, was in violation of 18 U.S.C. §§ 2511 & 2512, and 47 U.S.C. § 605, and that such violations were committed wilfully and for purposes of direct or indirect commercial advantage and private financial gain;

b.     In accordance with 18 U.S.C. §2520(b)(1) and 47 U.S.C. § 605(e)(3)(B)(i) enjoin DEFENDANTS, its owners, officers, agents, servants, employees and attorneys, and all persons in active concert or participation with any of them from (i) interfering with DIRECTV's proprietary rights, (ii) intercepting, receiving, divulging, or displaying DIRECTV's Satellite Programming without prior written consent of DIRECTV; and (iii) further violations;

c.     Award DIRECTV statutory damages in the amount of the greater of $10,000 or $100 per day for each day DEFENDANTS violated 18 U.S.C. §2511 and/or § 2512, or alternatively, DIRECTV requests judgment for actual damages, plus damages equal to any profits attributable to the DEFENDANTS' violations

of 18 U.S.C. §§2511 or 2512;

d.    Award DIRECTV statutory damages in the amount of $10,000.00 for each violation of 47 U.S.C. § 605, plus an additional $100,000.00 for each violation pursuant to 47 U.S.C. § 605(e)(3)(C)(ii); alternatively, DIRECTV requests judgment for actual damages, plus damages equal to any profits attributable to the DEFENDANTS' violations of 47 U.S.C. § 605;

e.    That the Court award punitive damages;

f.    That this Court award DIRECTV its costs, including reasonable attorney's fees, prejudgment interest and post-judgment interest, and such other relief to which DIRECTV may be entitled.

Respectfully submitted,

QUERREY & HARROW, LTD.

By: _____

Paul A. Rettberg
Querrey & Harrow, Ltd.
175 W. Jackson, Suite 1600
Chicago, IL 60601-6791
312/540-7000

Document #: 586995

JS 44
(Rev. 11/95)

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I.(a) PLAINTIFFS**

IRECTV, INC.

**DEFENDANTS**

Daniel Curth, and Gaslight Corner, INc. d/b/a The Union

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT COOK
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

00C 4968
JUDGE KENNELLY

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

aul A. Rettberg
errey & Harrow, Ltd.

ATTORNEYS (IF KNOWN)

MAGISTRATE JUDGE SCHENKIER

DOCKETED
AUG 1 5 2000

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF (For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☒ 890 Other Statutory Actions |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

tion for declaratory and injunctive relief for improper receipt, transmission and hibition of satellite broadcast signals in violation of the Cable Communications licy Act of 1984, 47 U.S.C., Section 605 et. seq.

**VII. REQUESTED IN COMPLAINT:**

CHECK IF THIS IS A CLASS ACTION ☐ UNDER F.R.C.P. 23

DEMAND $ injunction and $110,000 damage

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S)** (See instructions):
**IF ANY**

JUDGE _____ DOCKET NUMBER _____

DATE 8-14-00

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

In the Matter of

DIRECTV v. DANIEL CURTH, et al.

Case Number:   **00C 4968**

FILED-ED4
00 AUG 14 PM 4:01
CLERK
U.S. DISTRICT COURT

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

JUDGE KENNELLY

MAGISTRATE JUDGE SCHENKIER

DOCKETED

AUG 1 5 2000

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME<br>Paul A. Rettberg | NAME<br>Anne M. Belanger |
| FIRM<br>Querrey & Harrow, Ltd. | FIRM<br>Querrey & Harrow, Ltd. |
| STREET ADDRESS<br>175 W. Jackson, Suite 1600 | STREET ADDRESS<br>175 W. Jackson, Suite 1600 |
| CITY/STATE/ZIP<br>Chicago, IL 60604 | CITY/STATE/ZIP<br>Chicago, IL 60604 |
| TELEPHONE NUMBER<br>(312) 540-7040 | TELEPHONE NUMBER<br>(312) 540-7622 |
| IDENTIFICATION NUMBER  (SEE ITEM 4 ON REVERSE)<br>2318938 | IDENTIFICATION NUMBER  (SEE ITEM 4 ON REVERSE)<br>6215746 |
| MEMBER OF TRIAL BAR?   YES [x]   NO [ ] | MEMBER OF TRIAL BAR?   YES [ ]   NO [x] |
| TRIAL ATTORNEY?   YES [x]   NO [ ] | TRIAL ATTORNEY?   YES [ ]   NO [ ] |
|  | DESIGNATED AS LOCAL COUNSEL?   YES [ ]   NO [ ] |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER  (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER  (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR?   YES [ ]   NO [ ] | MEMBER OF TRIAL BAR?   YES [ ]   NO [ ] |
| TRIAL ATTORNEY?   YES [ ]   NO [ ] | TRIAL ATTORNEY?   YES [ ]   NO [ ] |
| DESIGNATED AS LOCAL COUNSEL?   YES [ ]   NO [ ] | DESIGNATED AS LOCAL COUNSEL?   YES [ ]   NO [ ] |

**PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.**